IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORGANON LLC, ORGANON INTERNATIONAL GMBH, and DERMAVANT SCIENCES GMBH, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. __________ |
| ENCUBE ETHICALS LIMITED, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Organon LLC, Organon International GmbH (collectively, "Organon"), and Dermavant Sciences GmbH ("Dermavant") (together with Organon, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint against Defendant Encube Ethicals Limited[1] ("Encube" or "Defendant"), allege as follows:

**NATURE OF THIS ACTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, arising from Encube's submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 218781 ("Encube's ANDA") seeking approval to engage in the commercial manufacture, use, or sale of a generic version of Organon's VTAMA tapinarof cream, 1% drug product ("Encube's ANDA Product") prior to the expiration of one or more of United States Patent Nos. 10,195,160 (the "'160 patent"), 10,426,743 (the "'743 patent"), 10,647,649 (the "'649 patent"), 11,458,108 (the

---

[1] On information and belief, Encube changed its corporate name from Encube Ethicals Private Limited to Encube Ethicals Limited in 2025. Encube's Notice Letter identifies Encube Ethicals Private Limited as the owner of ANDA No. 218781. For the purposes of this Complaint, Plaintiffs understand both to be the same entity.

"'108 patent"), 11,497,718 (the "'718 patent"), 11,590,088 (the "'088 patent"), 11,597,692 (the "'692 patent"), 11,612,573 (the "'573 patent"), 11,617,724 (the "'724 patent"), 11,622,945 (the "'945 patent"), 11,938,099 (the "'099 patent"), and 12,569,453 (the "'453 patent") (collectively, the "Patents-in-Suit").

**THE PARTIES**

2. Organon LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 30 Hudson Street, 33rd Floor, Jersey City, NJ 07302. Organon LLC is the holder of New Drug Application No. 215272 for VTAMA.

3. Organon International GmbH is a corporation organized and existing under the laws of Switzerland with its principal place of business at Weystrasse 20, 6006 Lucerne, Switzerland. Organon International GmbH is a global healthcare company focused on improving the health of women throughout their lives.

4. Dermavant Sciences GmbH is a corporation organized and existing under the laws of Switzerland with its principal place of business at Weystrasse 20, 6006 Lucerne, Switzerland. Dermavant, an Organon company, is a biopharmaceutical company dedicated to developing and commercializing innovative therapeutics in immuno-dermatology.

5. On information and belief, Encube Ethicals Limited is a corporation organized and existing under the laws of India, having a principal place of business at 803, B Wing, HDIL Kaledonia, Sahar Road, Andheri East, NA, Mumbai, Mumbai City, Maharashtra, 400069, India. On information and belief, Encube is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. This Court has personal jurisdiction over Encube by virtue of, *inter alia*, the fact that Encube has committed, aided, abetted, contributed to, and/or participated in the commission of the tortious act of patent infringement that has led, or will lead, to foreseeable harm and injury to Plaintiffs, including in the State of Delaware, and because Encube has engaged in purposeful systematic and continuous contacts with the State of Delaware.

8. On information and belief, Encube is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District. On information and belief, this Judicial District will be a destination for the generic drug product described in Encube's ANDA. On information and belief, Encube also prepares and/or aids in the preparation and submission of ANDAs to the FDA.

9. This Court has personal jurisdiction over Encube because Encube has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contact with the State of Delaware.

10. This Court has personal jurisdiction over Encube because, *inter alia*, Encube has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware. For example, on information and belief, following approval of Encube's ANDA, Encube will make, use, import, sell, and/or offer

for sale Encube's ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

11. On information and belief, this Judicial District is a likely destination for Encube's ANDA Product described in Encube's ANDA.

12. On information and belief, Encube intends to benefit directly if Encube's ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Encube's ANDA Product.

13. On information and belief, Encube actively participated in the submission of Encube's ANDA. On information and belief, Encube will work to seek regulatory approval, and will engage in manufacturing, marketing, sale, and distribution of generic pharmaceutical products, including Encube's ANDA Product, throughout the United States, including in this Judicial District, prior to the expiration of the Patents-in-Suit.

14. On information and belief, Encube has previously been sued in this Judicial District and has availed itself of Delaware courts through the assertion of counterclaims in suits brought in Delaware and has not challenged personal jurisdiction. *See Chemo Research SL v. Encube Ethicals Private, Ltd.*, No. 1:22-cv-00854-WCB (D. Del.); *Taro Pharm. Indus. Ltd. v. Encube Ethicals Pvt. Ltd.*, No. 1:21-cv-01614-RGA (D. Del.).

15. In the alternative, this Court has personal jurisdiction over Encube because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Encube is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Encube has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or

manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Encube satisfies due process.

16. Venue is proper in this Court under 28 U.S.C. § 1391.

**ORGANON'S VTAMA TAPINAROF CREAM DRUG PRODUCT**

17. Organon holds New Drug Application ("NDA") No. 215272, which authorizes the marketing of tapinarof cream, 1%, under the trade name VTAMA. VTAMA received FDA approval on May 23, 2022, for the topical treatment of plaque psoriasis in adults. On December 12, 2024, the FDA approved VTAMA for the topical treatment of atopic dermatitis in adults and pediatric patients 2 years of age and older.

18. Plaque psoriasis is a chronic skin condition where a patient's immune system makes skin cells grow too fast, which leads to patches of raised, inflamed, and red skin with silvery scales. Psoriasis plaques can affect any area of skin, and the most common areas affected by psoriasis plaques include the knees and elbows, stomach, lower back, and scalp. Plaque psoriasis is one of the most common diseases affecting the immune system in the United States. In the United States, there are over 7.5 million adults 20 years or older who have plaque psoriasis.

19. The active ingredient in VTAMA is tapinarof, which is also known as 3,5-dihydroxy-4-isopropyl-trans-stilbene. Tapinarof is an aryl hydrocarbon receptor ("AhR") agonist which decreases proinflammatory cytokines and increases expression of genes that encode skin barrier proteins, such as filaggrin, and genes that are involved in lipid production, such as ceramides.

20. Initial drug development work on tapinarof began in the 1990s at a small biotech firm called Welichem Biotech, Inc. In 2012, GlaxoSmithKline acquired the rights to tapinarof for certain markets, including the United States, and continued efforts to develop a commercial form

of tapinarof. In 2018, GlaxoSmithKline sold its rights to Dermavant which continued development efforts that ultimately led to the first U.S. marketing approval for a tapinarof product in 2022, which Dermavant marketed under the trade name VTAMA. In 2024, Organon acquired Dermavant and its rights in the VTAMA product.

21. The VTAMA development work led to numerous inventions relating to novel crystalline forms of tapinarof, novel manufacturing processes that result in highly pure forms of tapinarof, novel formulations of tapinarof that result in improved drug delivery, and novel methods of treating disease with tapinarof.

**PATENTS-IN-SUIT**

22. Dermavant Sciences GmbH is the owner of United States Patent No. 10,195,160, which was duly and legally issued on February 5, 2019, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '160 patent is valid and enforceable. A copy of the '160 patent is attached as Exhibit 1.

23. Dermavant Sciences GmbH is the owner of United States Patent No. 10,426,743, which was duly and legally issued on October 1, 2019, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '743 patent is valid and enforceable. A copy of the '743 patent is attached as Exhibit 2.

24. Dermavant Sciences GmbH is the owner of United States Patent No. 10,647,649, which was duly and legally issued on May 12, 2020, and is titled "Process for preparing tapinarof[.]" Each and every claim of the '649 patent is valid and enforceable. A copy of the '649 patent is attached as Exhibit 3.

25. Dermavant Sciences GmbH is the owner of United States Patent No. 11,458,108, which was duly and legally issued on October 4, 2022, and is titled "Topical pharmaceutical

compositions[.]" Each and every claim of the '108 patent is valid and enforceable. A copy of the '108 patent is attached as Exhibit 4.

26. Dermavant Sciences GmbH is the owner of United States Patent No. 11,497,718, which was duly and legally issued on November 15, 2022, and is titled "Use of tapinarof for the treatment of atopic dermatitis[.]" Each and every claim of the '718 patent is valid and enforceable. A copy of the '718 patent is attached as Exhibit 5.

27. Dermavant Sciences GmbH is the owner of United States Patent No. 11,590,088, which was duly and legally issued on February 28, 2023, and is titled "Use of tapinarof for the treatment of chronic plaque psoriasis[.]" A copy of the '088 patent is attached as Exhibit 6. On April 23, 2024, Encube filed a petition for *inter partes* review ("IPR") challenging claims 1-4, 6-10, 16, 18, and 21-22 of the '088 patent. *See Encube Ethicals Pvt. Ltd. v. Dermavant Sciences GmbH*, IPR2024-00834 (P.T.A.B.). The Patent Office instituted the IPR on November 8, 2024. *See id.* Paper No. 9 at 2. In response, Dermavant filed a disclaimer for each of the challenged claims on January 28, 2025. *See id.* Paper No. 22 at 1. The IPR was subsequently concluded. *See id.* Paper No. 23 at 1. Notably, in the IPR Encube did not challenge the claims of the '088 patent that are asserted in this case. Each and every remaining claim of the '088 patent, including the claims asserted here, is valid and enforceable.

28. Dermavant Sciences GmbH is the owner of United States Patent No. 11,597,692, which was duly and legally issued on March 7, 2023, and is titled "Process for preparing tapinarof[.]" Each and every claim of the '692 patent is valid and enforceable. A copy of the '692 patent is attached as Exhibit 7.

29. Dermavant Sciences GmbH is the owner of United States Patent No. 11,612,573, which was duly and legally issued on March 28, 2023, and is titled "Topical pharmaceutical

compositions[.]" Each and every claim of the '573 patent is valid and enforceable. A copy of the '573 patent is attached as Exhibit 8.

30. Dermavant Sciences GmbH is the owner of United States Patent No. 11,617,724, which was duly and legally issued on April 4, 2023, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '724 patent is valid and enforceable. A copy of the '724 patent is attached as Exhibit 9.

31. Dermavant Sciences GmbH is the owner of United States Patent No. 11,622,945, which was duly and legally issued on April 11, 2023, and is titled "Topical pharmaceutical compositions[.]" Each and every claim of the '945 patent is valid and enforceable. A copy of the '945 patent is attached as Exhibit 10.

32. Dermavant Sciences GmbH is the owner of United States Patent No. 11,938,099, which was duly and legally issued on March 26, 2024, and is titled "Use of tapinarof for the treatment of atopic dermatitis[.]" Each and every claim of the '099 patent is valid and enforceable. A copy of the '099 patent is attached as Exhibit 11.

33. Dermavant Sciences GmbH is the owner of United States Patent No. 12,569,453, which was duly and legally issued on March 10, 2026, and is titled "Use of tapinarof for the treatment of atopic dermatitis[.]" Each and every claim of the '453 patent is valid and enforceable. A copy of the '453 patent is attached as Exhibit 12.

## ACTS GIVING RISE TO THIS ACTION

34. Organon is the holder of NDA No. 215272, by which the FDA granted approval for tapinarof cream, 1%. Organon markets this topical cream in the United States under the trade name VTAMA.

35. VTAMA and the use of VTAMA in accordance with its label are covered by one or more claims of the Patents-in-Suit.

36. The FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") lists the Patents-in-Suit in connection with VTAMA.

37. In its July 21, 2026 Notice Letter, Encube notified Organon that it has submitted to the FDA Encube's ANDA seeking approval for the commercial manufacture, use, and sale of Encube's ANDA Product in the United States prior to the expiration of the Patents-in-Suit.

38. In the Notice Letter, Encube notified Organon that, as a part of Encube's ANDA, it had filed a certification under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Patents-in-Suit, asserting that those patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, and sale of Encube's ANDA Product in the United States.

39. By filing Encube's ANDA, Encube has necessarily represented to the FDA that, upon approval, Encube's ANDA Product will have the same active ingredient, method of administration, dosage form, and strength as VTAMA, and will be bioequivalent to VTAMA.

**ENCUBE'S ANDA**

40. On information and belief, Encube's ANDA Product will infringe at least one claim of each of the Patents-in-Suit. Encube's Notice Letter purported to include an Offer of Confidential Access ("OCA") to certain Encube confidential information regarding Encube's ANDA Product. The restrictions in Encube's purported OCA placed on access to Encube's ANDA contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." Accordingly, Plaintiffs state their claims on information and belief based on FDA guidance and representations made by Encube regarding its ANDA Product. On information and belief, the

allegations herein will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

41. On information and belief, Encube's ANDA Product contains 1% tapinarof in combination with inactive ingredients designed to copy Plaintiffs' patented VTAMA formulation. On information and belief, Encube's ANDA Product is a topical cream made for the treatment of plaque psoriasis.

42. On information and belief, Encube has represented to the FDA that its formulation is bioequivalent to VTAMA. In order to demonstrate bioequivalence for a topical formulation, a generic typically must show that there is no significant difference in the active or inactive ingredients or in other aspects of the formulation compared to the reference listed drug such that the local or systemic availability of the active ingredient remains the same. *See* FDA Draft Guidance on Tapinarof (December 2025), https://www.accessdata.fda.gov/drugsatfda_docs/psg/PSG_215272.pdf at 1. In addition, a company typically must show that the generic topical formulation has the same physicochemical and structural attributes of the reference listed drug. *See id.* In addition, an ANDA filer must typically show that their topical tapinarof product has "an equivalent rate of tapinarof release[d]" as the reference listed drug. *See id.* at 2. On information and belief, in order to show bioequivalence, Encube's ANDA Product must necessarily infringe at least one claim of the Patents-in-Suit including, at least, the '160, '108, '945, and '724 patents.

43. On information and belief, Encube's ANDA Product will be sold with a label that is a copy of VTAMA's label except that Encube does not seek approval to market VTAMA's atopic dermatitis indication. *See* 21 CFR § 314.94(a)(8). Under FDA guidelines, generic drug labels must be the "same as" the last approved reference listed drug ("RLD") labeling minus

narrow permissible differences. *See id.* By virtue of copying VTAMA's label, Encube will be expressly encouraging, promoting, and otherwise inducing others to infringe the uses and treatment methods claimed by the '743, '573, and '088 patents.

**COUNT I: INFRINGEMENT OF THE '160 PATENT**

44. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

45. Encube's submission of Encube's ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube's ANDA Product in or into the United States, prior to the expiration of the '160 patent, constitutes infringement of one or more claims of the '160 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

46. On information and belief, Encube's ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Encube or on its behalf, constituting direct infringement of one or more claims of the '160 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

47. Encube has had knowledge of the '160 patent since at least the date Encube submitted Encube's ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the '160 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the '160 patent.

48. On information and belief, upon approval by the FDA, Encube's ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '160 patent.

On information and belief, such administration will occur with Encube's specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs' rights under the '160 patent, constituting induced infringement of one or more claims of the '160 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

49. On information and belief, Encube's manufacturing, use, offer for sale, sale, and/or importation of Encube's ANDA Product, once Encube's ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '160 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component of the claimed composition to others who will directly infringe the '160 patent. Also, on information and belief, Encube knows that Encube's ANDA Product, or components thereof, is especially made or adapted for use in infringing the '160 patent, and that Encube's ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

50. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube's ANDA be a date that is not earlier than the expiration date of the '160 patent, or any later expiration of exclusivity for the '160 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT II: INFRINGEMENT OF THE '743 PATENT**

51. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

52. Encube's submission of Encube's ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube's ANDA Product in or into the United States, prior to the expiration of the '743 patent, constitutes infringement of one or more claims of the '743 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

53. On information and belief, upon approval by the FDA, Encube's ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '743 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

54. Encube has had knowledge of the '743 patent since at least the date Encube submitted Encube's ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the '743 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the '743 patent.

55. On information and belief, the administration of Encube's ANDA Product by patients and/or medical practitioners in the United States will occur with Encube's specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs' rights under the '743 patent, constituting induced infringement of

one or more claims of the ’743 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

56. On information and belief, Encube’s manufacturing, use, offer for sale, sale, and/or importation of Encube’s ANDA Product, once Encube’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’743 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component for use in the method claimed in the ’743 patent to medical practitioners and/or patients who will directly infringe the ’743 patent. Also, on information and belief, Encube knows that Encube’s ANDA Product is especially made or adapted for use in infringing the ’743 patent, and that Encube’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

57. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube’s ANDA be a date that is not earlier than the expiration date of the ’743 patent, or any later expiration of exclusivity for the ’743 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT III: INFRINGEMENT OF THE ’649 PATENT**

58. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

59. Encube’s submission of Encube’s ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube’s ANDA Product in or into the United States, prior to the expiration of the ’649 patent, constitutes infringement of

one or more claims of the ’649 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

60. On information and belief, Encube’s ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Encube or on its behalf, constituting direct infringement of one or more claims of the ’649 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

61. Encube has had knowledge of the ’649 patent since at least the date Encube submitted Encube’s ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the ’649 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the ’649 patent.

62. On information and belief, upon approval by the FDA, Encube’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’649 patent. On information and belief, such administration will occur with Encube’s specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’649 patent, constituting induced infringement of one or more claims of the ’649 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

63. On information and belief, Encube's manufacturing, use, offer for sale, sale, and/or importation of Encube's ANDA Product, once Encube's ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '649 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component of the claimed invention to others who will directly infringe the '649 patent. Also, on information and belief, Encube knows that Encube's ANDA Product, or components thereof, is especially made or adapted for use in infringing the '649 patent, and that Encube's ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

64. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube's ANDA be a date that is not earlier than the expiration date of the '649 patent, or any later expiration of exclusivity for the '649 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT IV: INFRINGEMENT OF THE '108 PATENT**

65. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

66. Encube's submission of Encube's ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube's ANDA Product in or into the United States, prior to the expiration of the '108 patent, constitutes infringement of one or more claims of the '108 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

67. On information and belief, Encube's ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Encube or on its behalf, constituting direct infringement of one or more claims of the '108 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

68. Encube has had knowledge of the '108 patent since at least the date Encube submitted Encube's ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the '108 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the '108 patent.

69. On information and belief, upon approval by the FDA, Encube's ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '108 patent. On information and belief, such administration will occur with Encube's specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs' rights under the '108 patent, constituting induced infringement of one or more claims of the '108 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

70. On information and belief, Encube's manufacturing, use, offer for sale, sale, and/or importation of Encube's ANDA Product, once Encube's ANDA is approved by the FDA,

would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’108 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component of the claimed composition to others who will directly infringe the ’108 patent. Also, on information and belief, Encube knows that Encube’s ANDA Product, or components thereof, is especially made or adapted for use in infringing the ’108 patent, and that Encube’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

71. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube’s ANDA be a date that is not earlier than the expiration date of the ’108 patent, or any later expiration of exclusivity for the ’108 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT V: INFRINGEMENT OF THE ’718 PATENT**

72. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

73. Encube’s submission of Encube’s ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale or importation of Encube’s ANDA Product in or into the United States, prior to the expiration of the ’718 patent, constitutes infringement of one or more claims of the ’718 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

74. On information and belief, upon approval by the FDA, Encube’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct

infringement by patients and/or medical practitioners of one or more claims of the ’718 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

75. Encube has had knowledge of the ’718 patent since at least the date Encube submitted Encube’s ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the ’718 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the ’718 patent.

76. On information and belief, the administration of Encube’s ANDA Product by patients and/or medical practitioners in the United States will occur with Encube’s specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’718 patent, constituting induced infringement of one or more claims of the ’718 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

77. On information and belief, Encube’s manufacturing, use, offer for sale, sale, or importation of Encube’s ANDA Product, once Encube’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’718 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component for use in the method claimed in the ’718 patent to medical practitioners and/or patients who will directly infringe the ’718 patent. Also, on information and belief, Defendant knows that Encube’s ANDA Product is especially made or

adapted for use in infringing the ’718 patent, and that Encube’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

78. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube’s ANDA be a date that is not earlier than the expiration date of the ’718 patent, or any later expiration of exclusivity for the ’718 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT VI: INFRINGEMENT OF THE ’088 PATENT**

79. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

80. Encube’s submission of Encube’s ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube’s ANDA Product in or into the United States, prior to the expiration of the ’088 patent, constitutes infringement of one or more claims of the ’088 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

81. On information and belief, upon approval by the FDA, Encube’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’088 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

82. Encube has had knowledge of the ’088 patent since at least April 23, 2024, when it filed a Petition for *inter partes* review for the ’088 patent and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic

drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the ’088 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, alleging that the ’088 patent claims were invalid over certain references or disclaimed. Encube did not provide a non-infringement position for the claims of the ’088 patent.

83. On information and belief, upon approval by the FDA, the administration of Encube’s ANDA Product by patients and/or medical practitioners in the United States will occur with Encube’s specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’088 patent, constituting induced infringement of one or more claims of the ’088 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

84. On information and belief, Encube’s manufacturing, use, offer for sale, sale, and/or importation of Encube’s ANDA Product, once Encube’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’088 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component for use in the method of treatment claimed in the ’088 patent to medical practitioners and/or patients who will directly infringe the ’088 patent. Also, on information and belief, Defendant knows that Encube’s ANDA Product is especially made or adapted for use in infringing the ’088 patent, and that Encube’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

85. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube’s ANDA Product in or into the United States, and is not

enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube's ANDA be a date that is not earlier than the expiration date of the '088 patent, or any later expiration of exclusivity for the '088 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT VII: INFRINGEMENT OF THE '692 PATENT**

86. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

87. Encube's submission of Encube's ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube's ANDA Product in or into the United States, prior to the expiration of the '692 patent, constitutes infringement of one or more claims of the '692 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

88. On information and belief, Encube's ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Encube or on its behalf, constituting direct infringement of one or more claims of the '692 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

89. Encube has had knowledge of the '692 patent since at least the date Encube submitted Encube's ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the '692 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the '692 patent.

90. On information and belief, upon approval by the FDA, Encube's ANDA Product will be administered by patients and/or medical practitioners in the United States according to

the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’692 patent. On information and belief, such administration will occur with Encube’s specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’692 patent, constituting induced infringement of one or more claims of the ’692 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

91. On information and belief, Encube’s manufacturing, use, offer for sale, sale, and/or importation of Encube’s ANDA Product, once Encube’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’692 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component of the claimed invention to others who will directly infringe the ’692 patent. Also, on information and belief, Encube knows that Encube’s ANDA Product, or components thereof, is especially made or adapted for use in infringing the ’692 patent, and that Encube’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

92. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube’s ANDA be a date that is not earlier than the expiration date of the ’692 patent, or any later expiration of

exclusivity for the ’692 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT VIII: INFRINGEMENT OF THE ’573 PATENT**

93. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

94. Encube’s submission of Encube’s ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale or importation of Encube’s ANDA Product in or into the United States, prior to the expiration of the ’573 patent, constitutes infringement of one or more claims of the ’573 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

95. On information and belief, upon approval by the FDA, Encube’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’573 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

96. Encube has had knowledge of the ’573 patent since at least the date Encube submitted Encube’s ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the ’573 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the ’573 patent.

97. On information and belief, the administration of Encube’s ANDA Product by patients and/or medical practitioners in the United States will occur with Encube’s specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by

patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs' rights under the '573 patent, constituting induced infringement of one or more claims of the '573 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

98. On information and belief, Encube's manufacturing, use, offer for sale, sale, or importation of Encube's ANDA Product, once Encube's ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '573 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component for use in the method claimed in the '573 patent to medical practitioners and/or patients who will directly infringe the '573 patent. Also, on information and belief, Defendant knows that Encube's ANDA Product is especially made or adapted for use in infringing the '573 patent, and that Encube's ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

99. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube's ANDA be a date that is not earlier than the expiration date of the '573 patent, or any later expiration of exclusivity for the '573 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT IX: INFRINGEMENT OF THE '724 PATENT**

100. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

101. Encube's submission of Encube's ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube's ANDA Product

in or into the United States, prior to the expiration of the ’724 patent, constitutes infringement of one or more claims of the ’724 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

102. On information and belief, Encube’s ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Encube or on its behalf, constituting direct infringement of one or more claims of the ’724 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

103. Encube has had knowledge of the ’724 patent since at least the date Encube submitted Encube’s ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the ’724 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the ’724 patent.

104. On information and belief, upon approval by the FDA, Encube’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’724 patent. On information and belief, such administration will occur with Encube’s specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’724 patent, constituting induced infringement of

one or more claims of the ’724 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

105. On information and belief, Encube’s manufacturing, use, offer for sale, sale, and/or importation of Encube’s ANDA Product, once Encube’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’724 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component of the claimed composition to others who will directly infringe the ’724 patent. Also, on information and belief, Encube knows that Encube’s ANDA Product, or components thereof, is especially made or adapted for use in infringing the ’724 patent, and that Encube’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

106. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube’s ANDA be a date that is not earlier than the expiration date of the ’724 patent, or any later expiration of exclusivity for the ’724 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT X: INFRINGEMENT OF THE ’945 PATENT**

107. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

108. Encube’s submission of Encube’s ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube’s ANDA Product in or into the United States, prior to the expiration of the ’945 patent, constitutes infringement of

one or more claims of the ’945 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

109. On information and belief, Encube’s ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Encube or on its behalf, constituting direct infringement of one or more claims of the ’945 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

110. Encube has had knowledge of the ’945 patent since at least the date Encube submitted Encube’s ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the ’945 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the ’945 patent.

111. On information and belief, upon approval by the FDA, Encube’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’945 patent. On information and belief, such administration will occur with Encube’s specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’945 patent, constituting induced infringement of one or more claims of the ’945 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

112. On information and belief, Encube's manufacturing, use, offer for sale, sale, and/or importation of Encube's ANDA Product, once Encube's ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '945 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component of the claimed composition to others who will directly infringe the '945 patent. Also, on information and belief, Encube knows that Encube's ANDA Product, or components thereof, is especially made or adapted for use in infringing the '945 patent, and that Encube's ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

113. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube's ANDA be a date that is not earlier than the expiration date of the '945 patent, or any later expiration of exclusivity for the '945 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT XI: INFRINGEMENT OF THE '099 PATENT**

114. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

115. Encube's submission of Encube's ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube's ANDA Product in or into the United States, prior to the expiration of the '099 patent, constitutes infringement of one or more claims of the '099 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

116. On information and belief, upon approval by the FDA, Encube's ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '099 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

117. Encube has had knowledge of the '099 patent since at least the date Encube submitted Encube's ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the '099 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the '099 patent.

118. On information and belief, upon approval by the FDA, the administration of Encube's ANDA Product by patients and/or medical practitioners in the United States will occur with Encube's specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs' rights under the '099 patent, constituting induced infringement of one or more claims of the '099 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

119. On information and belief, Encube's manufacturing, use, offer for sale, sale, and/or importation of Encube's ANDA Product, once Encube's ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '099 patent, either literally or under the doctrine of equivalents. On information and belief,

Encube will sell or offer for sale a material component for use in the method of treatment claimed in the ’099 patent to medical practitioners and/or patients who will directly infringe the ’099 patent. Also, on information and belief, Defendant knows that Encube’s ANDA Product is especially made or adapted for use in infringing the ’099 patent, and that Encube’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

120. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube’s ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube’s ANDA be a date that is not earlier than the expiration date of the ’099 patent, or any later expiration of exclusivity for the ’099 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**COUNT XII: INFRINGEMENT OF THE ’453 PATENT**

121. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

122. Encube’s submission of Encube’s ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Encube’s ANDA Product in or into the United States, prior to the expiration of the ’453 patent, constitutes infringement of one or more claims of the ’453 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

123. On information and belief, upon approval by the FDA, Encube’s ANDA Product will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’453 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

124. Encube has had knowledge of the ’453 patent since at least the date Encube submitted Encube’s ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). For example, as a generic drug manufacturer, Encube has knowledge of the Orange Book that lists VTAMA as being protected by the ’453 patent. Moreover, Encube sent a Notice Letter to Organon on July 21, 2026, certifying that it did not believe its product practiced the ’453 patent.

125. On information and belief, upon approval by the FDA, the administration of Encube’s ANDA Product by patients and/or medical practitioners in the United States will occur with Encube’s specific intent and encouragement, and will be conduct that Encube knows or should know will occur. On information and belief, Encube will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Plaintiffs’ rights under the ’453 patent, constituting induced infringement of one or more claims of the ’453 patent pursuant to 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents.

126. On information and belief, Encube’s manufacturing, use, offer for sale, sale, and/or importation of Encube’s ANDA Product, once Encube’s ANDA is approved by the FDA, would constitute contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’453 patent, either literally or under the doctrine of equivalents. On information and belief, Encube will sell or offer for sale a material component for use in the method of treatment claimed in the ’453 patent to medical practitioners and/or patients who will directly infringe the ’453 patent. Also, on information and belief, Defendant knows that Encube’s ANDA Product is especially made or adapted for use in infringing the ’453 patent, and that Encube’s ANDA Product, or components thereof, is not suitable for substantial non-infringing use.

127. Plaintiffs will be irreparably harmed if Encube is permitted to make, use, sell, offer to sell, and/or import Encube's ANDA Product in or into the United States, and is not enjoined from doing so. Plaintiffs are entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of Encube's ANDA be a date that is not earlier than the expiration date of the '453 patent, or any later expiration of exclusivity for the '453 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

a. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '160 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '160 patent;

b. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '160 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '160 patent;

c. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '743 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '743 patent;

d. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of

Encube's ANDA Product before the expiration of the '743 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '743 patent;

e. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '649 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '649 patent;

f. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '649 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '649 patent;

g. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '108 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '108 patent;

h. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '108 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '108 patent;

i. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '718 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '718 patent;

j. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '718 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '718 patent;

k. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '088 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '088 patent;

l. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '088 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '088 patent;

m. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '692 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '692 patent;

n. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '692 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '692 patent;

o. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '573 patent through Encube's submission of ANDA No. 218781 to the FDA seeking

approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '573 patent;

p. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '573 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '573 patent;

q. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '724 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '724 patent;

r. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '724 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '724 patent;

s. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the '945 patent through Encube's submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube's ANDA Product before the expiration of the '945 patent;

t. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube's ANDA Product before the expiration of the '945 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '945 patent;

u. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the ’099 patent through Encube’s submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube’s ANDA Product before the expiration of the ’099 patent;

v. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube’s commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube’s ANDA Product before the expiration of the ’099 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’099 patent;

w. A judgment under 35 U.S.C. § 271(e)(2)(A) that Encube has infringed at least one claim of the ’453 patent through Encube’s submission of ANDA No. 218781 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Encube’s ANDA Product before the expiration of the ’453 patent;

x. A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Encube’s commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Encube’s ANDA Product before the expiration of the ’453 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’453 patent;

y. The entry of a permanent and/or preliminary injunction enjoining Encube, and its affiliates and subsidiaries, and each of its officers, agents, servants, and employees, from making, having made, using, offering to sell, selling, marketing, distributing, and importing in or into the United States Encube’s ANDA Product, or any product that infringes the Patents-in-Suit, or inducing or contributing to the infringement of the claims of the Patents-in-Suit until after the latest expiration date of the Patents-in-Suit, including any extension and/or additional periods of

exclusivity to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

z. The entry of a permanent and/or preliminary injunction enjoining Encube, and its affiliates and subsidiaries, and each of its officers, agents, servants, and employees, from seeking, obtaining, or maintaining approval of Encube's ANDA until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

aa. The entry of an Order that the effective date of any approval of the drug involved in the infringement to be a date which is not earlier than the date of the latest expiration of the Patents-in-Suit which have been infringed, in accordance with 35 U.S.C. §§ 271(e)(4)(A);

bb. Damages or other monetary relief to Plaintiffs if Encube engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of Encube's ANDA Product prior to the expiration of the latest expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

cc. A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorney's fees incurred in this action;

dd. An Order awarding Plaintiffs their costs and expenses of court; and

ee. Such further relief as this Court deems proper and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Organon LLC, Organon International GmbH, and Dermavant Sciences GmbH*

OF COUNSEL:

Paul A. Ainsworth
Dennies Varughese
Deborah Sterling
Josephine Kim
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600

September 1, 2026